E-FILED
Friday, 18 April, 2008   09:41:06 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY BOYKIN,
   Plaintiff,

   vs.                                    No. 08-1064,

KAREN BEASLEY, et.al.,
   Defendants

## ORDER

This cause is before the court for merit review of the plaintiff's complaint and consideration of the plaintiff's motion for appointment of counsel [d/e 3] and motion for temporary restraining order and class certification. [d/e 9].

## MERIT REVIEW

The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Anthony Boykin, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named five defendants including Medical Technician Karen Beasley, Associate Warden James Mathy, Medical Director Sylvia Mahone, Warden Eddie Jones and Illinois Department of Corrections Director Roger Walker.

The plaintiff says he first filed out a medical request in an attempt to receive care for an ear infection on November 9, 2006, but his request was denied. The plaintiff continued to make several requests and file grievances, but says he did not see a doctor until December 2006. The plaintiff says he suffered hearing loss and pain during the 30 days he waited for medical care. The plaintiff alleges that Defendants Beasley, Mathy and Mahone all ignored his requests and denied him treatment until December 22, 2006.

The court finds the plaintiff has adequately alleged a violation of his Eighth Amendment rights against Defendants Beasley, Mathy and Mahone based on deliberate indifference to a

1

serious medical condition.[1]   The plaintiff must pass both an objective and a subjective test in order to establish that the defendants violated the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  The first prong of the test requires the plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Id*.  The second prong of the Eighth Amendment test requires the plaintiff to show that the defendants acted with deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

"[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42). Deliberate indifference is "something approaching a total unconcern for [the plaintiffs'] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v Lane,* 959 F.2d 673, 677 (7th Cir. 1992).

"[P]roof of deliberate indifference may be found where a prison official intentionally denies or delays access to medical care or intentionally interferes with the treatment once prescribed." *Jones v. Natesha* ,151 F.Supp.2d 938, 945 (N.D. Ill.  2001) *citing Ford,* 2001 WL 456427 at 6.   However, the plaintiff is advised that since his claim is based on a delay in receiving care, he must provide evidence that the delay contributed to his injuries. *See Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996)(prisoner who complains that a "delay in medical treatment rose to the level of a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment in order to succeed.")  Delays that cause "needless hours of suffering" can constitute harm. *Gil v. Reed,* 381 F. 3d 649, 662 (7th Cir. 2004).

The plaintiff has also alleged that Defendants Jones and Walker are "guilty of the same for failure to train." (Comp, p. 13).  The plaintiff's complaint refers only to a denial of medical care to one individual, the plaintiff.  He makes no mention of any policy or custom or training procedure.  The plaintiff "avers absolutely nothing regarding any current training program" or how it might be inadequate for the handling of medical claims or even whether these two individuals had any supervisory control over the health care unit. *Cortlessa v County of Chester,* 2005 WL 2789178 at 9 (E.D. Pa.  2005).   The court does not believe the plaintiff has met his burden of properly putting the defendants on notice of the claims against them. *See* Fed. R. Civ. P. 8(a)(2). The court will dismiss this and any other intended official capacity claim.   The plaintiff may file an amended complaint if he can allege specific facts supporting deliberate indifference with regard to a failure to train claim.  The plaintiff must file this proposed amended complaint withing 30 days of this order.

---

[1] The court notes that the plaintiff filed a similar lawsuit in *Boykin v. Mahone,* Case No. 07-1066, which was dismissed without prejudice for failure to pay the filing fee.  In this case, the plaintiff's trust fund ledgers indicate that he is unable to pay the fee and his motion to proceed *in forma pauperis* was granted.

The court also notes that the plaintiff has alleged that the defendants violated his Fourteenth Amendment rights, but cites no facts in support of this allegation. Therefore, the plaintiff has one surviving claim that Defendants Beasley, Mathy and Mahone were deliberately indifferent to his serious medical condition.

## MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff says he cannot afford to hire counsel and has attempted to contact several attorneys without success. Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a pro se plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.

The plaintiff appears competent to proceed pro se based on his submissions. Although the case involves the plaintiff's medical treatment, at this point it does not appear so complex that the plaintiff is not competent to proceed pro se. The difficulties faced by the plaintiff are the same faced by all pro se prisoners. Perhaps more importantly, the plaintiff has not shown enough factual merit to his claim of deliberate indifference to warrant an inference that counsel would make a difference in the outcome. The motion is therefore denied. [d/e 3]

## MOTION FOR TEMPORARY RESTRAINING ORDER AND CLASS CERTIFICATION

The plaintiff has filed a motion asking to certify his lawsuit as a class action "as the policies and procedures implemented by all named defendants effects all past, present and future inmates within IDOC." First, the plaintiff's lawsuit does mention any policies or procedures at Pontiac Correctional Center. The plaintiff's lawsuit involves only a denial of medical care to the plaintiff.

Second, the plaintiff is not represented by an attorney and does not claim that he is personally an attorney. Since absent class members are bound by a judgment whether for or against the class, they are entitled at least to the assurance of competent representation afforded by licensed counsel. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *see also Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186, 1187 (E.D.Wis.1983); *Huddleston v. Duckworth*, 97 F.R.D. 512, 514-15 (N.D.Ind.1983)(prisoner proceeding pro se not allowed to act as class representative).

Third, even lawyers may not act both as class representative and as attorney for the class because that arrangement would eliminate the checks and balances imposed by the ability of the class representatives to monitor the performance of the attorney on behalf of the class members. *See e.g.*, *Sweet v. Bermingham*, 65 F.R.D. 551, 552 (1975); *Graybeal v. American Saving & Loan Ass'n*, 59 F.R.D. 7, 13-14 (D.D.C.1973); *see also Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 n. 5 (7th Cir.1977), appeal after remand, 587 F.2d 866 (1978), cert. denied, 445 U.S. 942, 100 S.Ct. 1337, 63 L.Ed.2d 775 (1980); *Conway v. City of Kenosha*, 409 F.Supp. 344, 349 (E.D.Wis.1975)(plaintiff acting both as class representative and as class attorney precludes class certification). Therefore, the motion to certify this lawsuit as a class action is denied.

In his motion, the plaintiff also asks for the court to issue a temporary restraining order "to stop prison officials from taking the $2.00 out of inmates trust funds prior to the inmate getting non-emergency medical and dental services..." (Mot., p. 1). The court assumes the plaintiff is referring to the two dollar medical co-payment required for non-emergency medical treatment within the Illinois Department of Corrections. Again, there is no mention of this payment in the plaintiff's lawsuit and therefore it is not an issue before this court.

In addition, "[p]risoners may be charged for medical care as long as necessary medical care is not denied to those unable to pay for it." *Spates v. Schultz*, 2001 WL 789413 at 2 (N.D. Ill. 2001) "Nothing in the Eighth Amendment...requires a state to provide an inmate free of charge, with a necessary commodity that would not be free outside the prison walls and which the inmate has the legal means to obtain." *Martin v. DeBruyn*, 880 F. Supp.610, 614 (N.D. Ind. 1995). The motion is denied. [d/e 9]

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: Defendants Beasley, Mathy and Mahone were deliberately indifferent to the plaintiff's serious medical condition when they denied him medical treatment for approximately one month.**

**2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.** *The clerk of the court is therefore directed to dismiss Defendants Jones and Walker for failure to state a claim upon which relief can be granted*.

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

4)  The plaintiff's motion for appointment of counsel [d/e 3] and motion for class certification and temporary restraining order are denied. [d/e 9]

5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

7)  The defendants shall file an answer within the time prescribed by Local Rule to the claim identified in this order.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

    Entered this <u>18th da</u>y of April, 2008.


                              s\Harold A. Baker
      _____
                              HAROLD A. BAKER
                    UNITED STATES DISTRICT JUDGE