**E-FILED**
Monday, 28 April, 2008 08:51:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY BOYKIN
        Plaintiff

VS

KAREN BEASLEY, et.al.,
        Defendants

PLAINTIFFS AMENDED COMPLAINT

No. 08-1064

Plaintiff. Pro Se submits the Amended Complaint for Court Order of 4-18-08. This Amended Complaint is made and based upon F.R.Ci.P 15 as well as all Prior Pleadings, Papers, documents and Points and Authorities. As a matter of law Plaintiff is allowed to Amend his Complaint once without leave of the Court to correct any confused Pleadings in Order to hold all Potential Prison officials accountable) for alleged constitutional violations.

## I. DEFENDANTS

Plaintiff hereby alleges that the following Defendants are being sued in thier individual and official capacities) as they were all employed by The IDOC at the time of allegations and were acting under the color of state law when they violated Plaintiffs 14th Amendment Rights to Due Process when the delayed Plaintiffs right to be Provided Pain medication and Plaintiffs 8th Amendment Rights to be free from Cruel and Unusual Punishment by being deliberately Indifferent) to the Pain Plaintiff suffered and loss of hearing from November 8 2006 through December 2006.

/

The following Defendants wee notified of Plaintiffs Pain and hearing loss but delayed the Process by not turning in the P-96 which Plaintiff gave them on 11-8-06 and 11-9-06 and 11-18-06.

Defendant Jane / John Doe was given a P-96 on 11-8-06 as she walked past my cell with a medical Kite detaling my request to get Pain medication and medical) treatment for an ear ache and hearing loss.

Defendant Brown was given a medical Kite about Plaintiffs ear ache and hearing loss on 11-9-06 as varified by the 2 Grievances turned in dated 11-13-06 and 11-19-06 as well as the letter to Awo Mathy on 11-14-06. See Ex "A" page 1,2 and 3 of 5) The Process due to Inmates at Pontiac Correctional Center is listed on Page 3 of 15 of Section 415.30 and Page 4 of 13 at subsection 9) attatched which reads as follows: Committed Persons who require non-emergency medical or dental services AT OFFICES OR FACILITIES OTHER THAN DEPARTMENT FACILITIES shall authorize the Department to deduct a 2.00 co-Pay..." See Exhibit "B" Pages 1 and 2 of 2

The evidence shows Plaintiff requested medical treatment as alleged in the two (2) grievances dated 11-13-06 and 11-19-06 and the Kite to Awo Mathy on 11-14-06. This implicates The medical Person who was notified on 11-8-06 and the Nurse Mr. Brown on 11-9-06 as guilty of Violating Plaintiffs 14th Amendment Rights to due Process as well as defendants Mathy, Hardy, Jones and Walker. -

Plaintiff alleges that Defendant Beasly Violated Plaintiffs 14th Amendment Right to due Process by Ordering Plaintiff to sign a P-96 on 11-18-06 as indicated by Exhibit "C". a P-96 she wrote Plaintiffs Name, ID#, cell # and The

2

That was a violation of the Process stipulated by the Administrative Code Chapter I § 415 subchapter D, which legislators implemented as law.[8×8] Even though Plaintiff gave two (2) Prior notices to medical Personnel on 11-8-06 and 11-9-06 and a third on 11-14-06 Plaintiff was not seen in North Cell house Sick Call until 12-9-06 exactly 30 days later where ear drops were Prescribed. See Exhibit "D." The 12-9-06 entry states that [P.3 of 5] Plaintiff alleged/informed medical staff that Plaintiff had been having Pain since 2005. The individual making these entries contradicts himself as he writes Plaintiff needs his ear flushed out on The right side which indicates substances clogging the ear. He also states "I don't think there is a hearing loss." On The left side He writes "Inmate able to hear contradicting Plaintiffs allegations. For the record there was an asian individual looking into Plaintiffs ears and the Nurse Mr.Brown who was notified on 11-9-06. Plaintiff was not Provided any Pain medication after being seen on 12-9-06. Medical records indicates that Plaintiff was scheduled for Sick Call on 12-15-06, but it was cancelled. Plaintiff alleges that whoever cancelled the sick call visit violated Plaintiffs 14th Amendment Right be it Dr. Mahone, D.O.N Ellikenser who cancelled the sick call on 12-15-06 ( Count II 14th Amendment Violation for 12-15-06) Count III Violation of 14 Amendment Violation for 12-17-06 as the entry indicates "∅ Pass sent, ∅ escort available at this X. Will reschedule ear flush U/C. ~~~~~ Call line on 12-22-06" finally on 12-22-06 Plaintiff was called to health care and seen by Dr. Mahone when Plaintiffs ear was flushed flushed and Tylonol other medications Prescribed for The Pain as the Note made S/o ① ear Pain. Something Plaintiff had been complaining of since 11-8-06.

3

The record also varies that Dr. Mahone received a letter on 11-30-06 complaining of hearing loss. See Exhibit "E". It appears that the ~~notice institute~~ cell house CMT responsible for scheduling evaluations are responsible for the evaluations and determinations of who see the Doctor and who dont. Plaintiff further alleges that Director of Nursing, unknown at this time is alleged to be guilty of violating Plaintiffs 14th Amendment Rights as are defendants Mathy, Hardy, Jones, as well as Grievance officer P. Hastings CC II who knows inmates are not mandated to be charged 2.00 co-pay unless inmates are taken to an outside medical) Provider Per Page 4 of 15 at Exhibit B. Plaintiff at this time alleges that P. Hastings violated Plaintiffs 14th Amendment Rights to due Process, that this defendants is sued in his individual and official capacities as is Director of Nursing who gave this false information to Mr. Hastings on ~~11-22-06~~ 11-21-06 as is Melody J. ford who also is alleged to have violated Plaintiffs 14th Amendment Rights to Due Process. She is sued in her official and individual capacities as she upheld the decisions of Mr. Hastings, Ms. Beady, John and Jane Does which also amounted to delays in needless days of suffering and Pain from 11-9-06 through 12-9-06. Plaintiff alleges that defendants were diberately indifferent to Plaintiffs Pain and suffering and hearing loss which did not stop until after Plaintiffs ear was flushed out on 12-22-06 and when Plaintiff got the Pain medications some fifty-two (52) days after informing ~~that~~ defendants of the Pain. Again Plaintiff alleges that the supervisory officials failed to train as the law says inmates are only to be charged 2.00 if the inmate see outside medical Providers. The record

4

shows that the supervisory officials were more concerned
with Plaintiff signing a P-96 which was only to be
signed when Plaintiff was to be seen by an outside medical
Provider and not staff at Pontiac Correctional Center. P. Hastings.
Wardens Hardy, Mahit, Jones, Medical Director Dr. Mahone.
RN Brown, D.O.N. J. Ellinger, ARB Member Melody J.
Ford, Director Walker, John and John Does 1-10 are
all alleged to have violated Plaintiffs 14th and 8th
Amendment Rights on 11-9-06, 11-14-06, 11-19-06, 12-15-06,
12-17-06 when they delayed Plaintiff getting Pain
medication for the Pain in his ear and treatment for this
Pain. That's a violation of Plaintiffs 14TH and 8TH Amend-
ment1 a count for Each Act for Violation:

Count I - Violation of 8Nt Amendment Right - 11-9-06
Count II - Violation of 8Nt Amendment Right 11-14-06
Count III - Violation of 8Nt Amendment Right 12-15-06
Count IV - Violation of 8Nt Amendment Right 12-17-06
Count V-X Violations of Plaintiffs 14Nt Amendment Right
to due Process.

Count XI- Failure to train by all supervisory officials
as the law ~~is this~~ was clear that ~~Inmate was~~ Plaintiff was only
to sign a P-96 if ~~this is~~ he was to see an
office of facility other than ~~the~~ Department facilities.
All defendant Participated in the illegal Policy of agreeing
that Plaintiff refused to sign the P-96. Plus the ~~cross~~
evidence shows MS. Beasly manipulated the date to
be 11-19-06 which Mr. Hastings and the Director of Nurses
illegally based their Justification on denying Plaintiffs
Grievance as did ARB member Ms. Ford and Mr. Walker.
This is enough to show that this amounts to illegal
official Policy which should make the IDOC liable
due to the fact that the Policy was effective ~~its~~
~~November 1~~ May 1, 1997 as for as the law
stating The 2.00 Co-Pad. This Policy was recently

Changed July 1,2007 to clearly state "offenders who require non-emergency medical or dental services shall authorize the Department to deduct a 2.00 co-Pay..."

See Exhibit B Page 3 of 3 effective July 1,2007.

(Emphasis Added)

Note: there is no mention of "offices or facilities other than Department facilities" which was a Prerequisite as far as Plaintiff having to sign a P-96 and to see a doctor at an office or facility other than an office or facility Provided by the IDOC at Pontiac CC. Prior to this being changed in July of ~~2008 out~~

POINTS AND AUTHORITIES

This Court has recited Gil v. Reed, 381 F3d 649.662 (7th Cir. 2004) Delays that cause "needless hours of suffering" can constitute harm. This amounts to a 52 day delay in Plaintiff getting Pain medication and his ear flushed which should have been done at least by 11-11-08 when Plaintiff notified Prison officials. This amounts to violations of the 8th Amendment Right to be free from cruel and Unusual Punishment.

Plaintiff alleges that Supervisory officials are guilty of failure to train. The Policy is listed in the IDOC Rule Book - relevant) sections attached as Exhibit B Section 415.20. Agency Medical Director is defined at a). Meaning ~~Doctor~~ Medical Director Dr. Mahone, d) defines Department as Department of Corrections relevant to Department as used in ~~415.30~~ 415.30 at 9). 415.20 defines defines Cheif Administrative officer as highest ranking official at a facility, i.e. Warden Jones.

f) defines Director Director of Department of Corrections - i.e. Director Walker. 415.10 h) states other individuals may routinely Perform duties whenever a rule specifically states The Director, Chief Administrator, or Agent Medical Director may designate another Person or Persons to Perform duties Periods of his or her absence or in an emergency. 415.20 defines "Department Physicians means any Physician who Provides services for the department.

6

The grievances submitted on 11-13-06, 11-19-06 and the letter to AWO Mathy Rt supervisory officials on notice which the court alleges makes no mention of any Policy or Custom or training Procedure with regards to failure to train. See Page 2 of Order of the grievances and letter of 11-14-06 Puts defendants on notice of the fact that Plaintiff complained of Pain and hearing loss. Supervisory) officials Walker, Mathy, Hardy, Jones, and Walker surely know of the Policy listed in 415.10, 415.20 and 415.30 of 20 Illinois Administrative Code Chapter I ~~Subchapter~~ Subchapter d. The Court, as a matter of law should find defendant Supervisory officials have been guilty for failing to train and/or allowing them to disregard and Particulate in what can be described as a custom of violating Plaintiffs 14th Amendment Rights to due Process Prescribed by Illinois Administrative) Code.

With respect to deliberate Indifference, the Court is not taking into account that an ear ache is serious Pain, loss of hearing is serious. Not Providing Plaintiff with access to a medical Person to recommend Plaintiff to see a Physician for over 50 days violates the 8th Amendment. "When the State by the affirmative exercise of its Power So restrains an individuals liberty That it renders him unable to care for himself and at the same time fails to Provide Provide for his basic human needs. e.g., food, clothing and shelter and medical care and reasonable safety, it transgresses the substantive limits on State action set by the Eighth Amendment. Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991). Wilson suggested "identifiable human needs of inmates" as falling into the category of "minimal civilized measures of lifes necessities: Estelle v. Gamble also identified" adequate medical care as fitting into the groupl category of essentials.

In this case, Plaintiff has stated constitutional violations on the 8th & 14th amendment violations and failure to train. Plaintiff again requests the Court to Appoint Counsel to represent him in this case.

CERTIFICATE OF SERVICE

I certify under Penalty of Perjury I submitted to Pontiac Law Library for E-filing Plaintiffs Amended Complaint with:

Exhibit A _ 5 Pages Grievances, Letter, Grievance Response Letter Memo.

Exhibit B. 3 Pages Illinois Ad. Codes

Exhibit C" 2 Pages Request for Payment 11-18-06 Memo 12-5-06

Exhibit D 5 Pages Offender Progress Notes

This 23rd day of April, 2008

Anthony R. Bork

8

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

COPY made    44387

| Date: 11-13-06 | Committed Person: (Please Print) BOYKIN, A | ID#: R55358 |
|---|---|---|

| Present Facility: PONTIAC | Facility where grievance issue occurred: PONTIAC |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☑ Medical Treatment
- ☐ Disability
- ☐ Other (specify):

- ☐ Disciplinary Report: _____ / _____
  Date of Report    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: I turned in a medical Kite to Sgt Kohls on 11-8-06 regarding my ear infection. I gave a P-96 to the nurse on the morning of 11-9-06. I talked to the med tech Mr. Brown about pain medication. It's now 11-13-06 and I have the same ear ache and am losing hearing in my right ear. I need medical Treatment! It's a violation of the 8th Amendment to deny me medical treatment and pain medication when I have notified staff responsible for turning in Kites & arranging sick call. Mr. Brown was informed on 11-9-06 at noon.

Relief Requested: I request to see medical and I request medical Treatment immediately

☑ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Boykin A | R55358 | 11/13/06 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 11/21/06

☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Copy of grievance sent to medical unit for a response.

| R. Flex | R. Flex | 11.27.06 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: 11 / 14 / 04

Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☑ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

1 of 5

| _____ | 11 / 15 / 06 |
|---|---|
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Committed Person    Page 1    DOC 0046 (Eff. 10/2001) (Replaces DC 5657)
Printed on Recycled Paper

11-14-06

TO: AWD MATTY
FROM: A. BOYLIN R55358
N103

NOV : 2006

I ~~have~~ still have not been seen by Medical
regarding the Pain in my right ear as I stated last
night. As Associate warden of operations it is Partially
Your responsibility to ensure that my medical needs are
met. Its been One week.... I sent Legal mail
to a Law firm on 11-9-06, which I regreted on
The P-96 to be sent as certified mail. For Some
mailed 11-9- Certify and you got God
book 11-14
odd reason The mail room did not send this mail
out as certified mail as I Requested. I see a
Patern beginning to happen at Pontiac as I expected.
Is the ADO Coxs from Nevada work? Why am
I in a cell with no ~~cold~~ cold water and the sink
is still leaking? If that Law firm tells me they
did not get that mail You Know That is a nice law
Suit. Im really not trying to start any litigation in
Illinois, but im not going to Pushed over and allow
my civil rights to be violated either. (I request that I
see medical about my ear and to get Pain medication
I also request to be moved out of This cell)
I wrote You about my typewriter and Proposed a
remedy. Im awaiting Your reply. I would appreciate my shoes
out of Property.

Respectfully,
Anthony Boykin R55358
N103
CC. my file.
CC. M.Powers, Att.   also on 11-14  2 - Certify went out to—
James meeks c̄ NAACP
2 of 5

11/15/06
copies to Medical Director        Mailroom
Supt. Melvin                          file

ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE

**044387**

| Date: 11-19-06 | Committed Person: A. BOYKIN (Please Print) | ID#: R55358 |
|---|---|---|

| Present Facility: PONTIAC | Facility where grievance issue occurred: PONTIAC |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [X] Medical Treatment
- [ ] Disability
- [ ] Other (specify):

- [ ] Disciplinary Report: ___/___/___
  Date of Report              Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I turned in a medical kit for medical attention regarding an ear ache on 11-8-06. I turned in a 0-96 at the request of the nurse doing pill call on 11-9-06. I informed Mr. Brown about my medical condition on 11-9-06 and was told by him I would be scheduled. It is now 11-19-06 and I still have not been seen by any doctor regarding my ear nor have I been offered any pain medication. This violates my right to medical treatment per the United States Supreme Court as well as IDOC Rules regarding medical treatment.

**Relief Requested:** I request to see a ENT specialist plus I request to be seen by medical at Pontiac and given pain medication. I also request $10,000 per day for the deliberate indifference →

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Anthony Boykin | R55358 | 11 / 19 / 06 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 11/20/06

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Copy of grievance sent to medical unit for a response

| R. Flex | R. Flex | 11.20.06 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

3 of 5

_____
Chief Administrative Officer's Signature

___/___/___
Date

Distribution: Master File; Committed Person                Page 1                DOC 0046 (Eff.10/2001)
                                                                        (Replaces DC 5657)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

## Grievance Officer's Report

**Date Received:** November 21, 2006     **Date of Review:** May 1, 2007     **Grievance #** (optional): 044387

**Committed Person:** Anthony Boykin     **ID#:** R-55358

**Nature of Grievance:** Medical Treatment

**Facts Reviewed:** Offender grieves turning in a medical kite for attention regardin an earache on 11-08-06.

Facility Director of Nursing responds having read the grievance dated 11-19-06 and reviewing the applicable medical record. Director of Nursing indicates Offender Boykin is requesting to see an ENT specialist. On 11-19-06, CMT Beasley asked the offender to sign a P96 for sick call and he refused. Per Dr. Mahone on 12-08-06 he was seen on sick call 12-09-06. Hearing loss due to wax buildup. Drops ordered. Medical concerns are to be directed to the cellhouse CMT who will evaluate him for treatment or refer him if appropriate. Alternatively he may send a yellow "Medical Request" slip to the Health Care Unit Administration requesting medical services.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be considered MOOT based on the response of the facility Director of Nursing to the issue.

V.T. Hastings ccift
Print Grievance Officer's Name                     Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

**Date Received:** 4-50-07     ☒ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

Eddie Jones
Chief Administrative Officer's Signature          5-7-07
                                                  Date

## Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)**

4 of 5

Committed Person's Signature          ID#          Date



**Rod R. Blagojevich**
Governor

# Illinois
**Department of**
# Corrections

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

August 23, 2007

Anthony Boykin
Register No. R55358
Pontiac Correctional Center

Dear Mr. Boykin:

This is in response to your grievance received on May 16, 2007, regarding medical treatment (alleges he is not being treatment for an earache), which was alleged to have occurred at Pontiac Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report, 044387, and subsequent recommendation dated May 1, 2007 and approval by the Chief Administrative Officer on May 7, 2007 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:  Warden Eddie Jones, Pontiac Correctional Center
     Anthony Boykin, Register No. R55358
     Chron. File

5 of 5
11

stated in this Part to another person or persons or designate another person or persons to perform the duties specified.

b) No other individual may routinely perform duties whenever a rule in this Part specifically states the Director, Chief Administrative Officer, or Agency Medical Director shall personally perform the duties. However, the Director, Chief Administrative Officer, or Agency Medical Director may designate another person or persons to perform the duties during periods of his or her temporary absence or in an emergency.

(Source: Amended at 19 Ill. Reg. 15428, effective November 15, 1995 )

Section 415.20   Definitions

a) "Agency Medical Director" means the Medical Director of the Department of Corrections.

b) "Chief Administrative Officer" means the highest ranking official of a correctional facility.

c) "Communicable disease" means a disease caused by an organism which is transmitted through airborne means or casual contact, or through blood or bodily secretion contact from one human being to another.

d) "Department" means the Department of Corrections.

e) "Department physician or dentist" means any physician or dentist who provides services for the Department.

f) "Director" means the Director of the Department of Corrections.

g) "Gravely disabled" means a condition in which a committed person, as a result of a mental illness or mental disorder:

1) Is in danger of serious physical harm resulting from the person's failure to provide for his or her essential human needs of health or safety; or

2) Manifests serious deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or

volitional control over the person's actions which is likely to seriously jeopardize his or her health or safety.

h) "Likelihood of serious harm" means:

1) A substantial risk that physical harm will be inflicted by a committed person upon his or her own person as evidenced by, among other things, threats or attempts to commit suicide or inflict physical harm on one's self; or

2) A substantial risk that physical harm will be inflicted by committed person upon another as evidenced by, among other things, behavior which has caused such harm or which places another person or persons in reasonable fear of sustaining such harm; or

3) A substantial risk that physical harm will be inflicted by a committed person upon the property of others as evidenced by, among other things, behavior which has caused substantial loss or damage to the property of others.

i) "Mental health professional" means a psychiatrist, physician, psychiatric nurse, clinically trained psychologist, or an individual who has a master's degree in social work and clinical training.

j) "Physician" means an individual who is licensed by the State of Illinois to practice medicine in all of its branches.

k) "Specialized mental health setting" means a Department of Corrections facility or unit which specializes in mental health care.

(Source: Amended at 19 Ill. Reg. 15428, effective November 15, 1995)

Section 415.30   Medical and Dental Examinations and Treatment

a) Within seven working days after admission to a reception and classification center, each committed person shall be given a physical examination by a physician or by a nurse practitioner under the direct supervision of a physician or by a physician's assistant under the direct supervision of a physician. Each

Exhibit "B"
1 of 3

committed person shall be immunized as prescribed by the physician.

b) Each committed person shall be examined by a dentist within 10 working days after admission to a reception and classification center. The dentist shall chart the oral cavity and classify dental health.

c) Emergency treatment shall be available to committed persons 24 hours a day.

d) A health care unit or area shall be established at each correctional facility within the Adult and Juvenile Divisions. Committed persons shall be admitted to the health care unit or area as determined by health care personnel.

e) Committed persons shall be informed of the institutional procedures for obtaining medical, dental, or mental health services.

f) Persons committed to the Adult and Juvenile Division facilities shall be provided medical and dental treatment, with the consent of the parent or guardian where applicable, as prescribed by a Department physician or dentist.

g) Committed persons who require non-emergency medical or dental services at offices or facilities other than Department facilities shall authorize the Department to deduct a $2.00 co-pay from present or future funds in his or her trust fund account prior to each visit. Non-emergency services are scheduled services determined necessary by a Department physician.

   1) The co-payment shall be paid from the committed person's trust fund when the services are delivered.

   2) Committed persons who are without funds at the time services are delivered shall not be denied medical or dental services. The committed person's trust fund account shall be restricted for the amount of co-payment and shall be paid upon receipt of future funds.

   3) A committed person who is found to be indigent shall be exempt from the co-payment. A committed person shall be

considered indigent if during the entire term of his or her incarceration the committed person is without funds to pay the $2.00 co-payment.

h) A committed person who has or is suspected of having a communicable disease may be isolated from other committed persons. This determination shall be made by a physician as deemed medically necessary.

i) In case of critical illness or major surgery, the Chief Administrative Officer shall attempt to notify the person designated by the committed person to be contacted in case of an emergency and, where applicable, the parent or guardian.

j) The decision to continue or terminate a pregnancy is a medical determination which shall be made by the committed person in consultation with her physician.

   1) Committed persons contemplating an abortion shall be provided with information and counseling concerning the nature of, the consequences of, and any risks associated with the procedure and available alternatives.

   2) Committed persons shall be granted a furlough for the purpose of obtaining an abortion. Committed persons shall be permitted to accept funds for an abortion from local community charities or other sources.

k) A record of all medical and dental examinations, findings, and treatment shall be maintained.

(Source: Amended at 21 Ill. Reg. 5916, effective May 1, 1997)

Section 415.40  Mental Health Services

Persons committed to the Department shall have access to mental health services as determined by a mental health professional.

Section 415.50  Mental Health Examinations and Treatment for Guilty but Mentally Ill

2 of 3

**20 ILLINOIS ADMINISTRATIVE CODE**    **CH. I, 415**
**SUBCHAPTER d**

f) Persons committed to adult and juvenile facilities (excluding transition centers) shall be provided medical and dental treatment, with the consent of the parent or guardian where applicable, as prescribed by a Department physician or dentist

g) Adult offenders who require non-emergency medical or dental services shall authorize the Department to deduct a $2.00 co-pay from present or future funds in his or her trust fund account prior to each visit. Non-emergency services do not include any follow-up visits determined necessary by a Department physician or HIV (Human Immunodeficiency Virus) testing and related counseling.

  1) The co-payment shall be paid from the offender's trust fund when the services are delivered.

  2) Offenders who are without funds at the time services are delivered shall not be denied medical or dental services. Except as indicated in subsection (g)(3), the offender's trust fund account shall be restricted for the amount of co-payment and shall be paid upon receipt of future funds.

  3) Offenders shall be exempt from the co-payment if, at the time services are provided, the offender is indigent. Offenders shall be found indigent if:

    A) At the time service is delivered, the offender's trust fund balance is under $2.00; and

    B) At no time for the 60 days immediately preceding the service or since arrival at the offender's current facility, whichever occurred most recently, has the offender's trust fund contained more than $2.00, regardless of the source of funds.

h) An offender who has or is suspected of having a communicable disease may be isolated from other offenders. This determination shall be made by a physician as deemed medically necessary.

i) In case of critical illness or major surgery, the Chief Administrative Officer shall:

  1) Attempt to notify the person designated by the offender to be contacted in case of an emergency and, where applicable, the parent or guardian.

  2) Notify the Chief Legal Counsel if consent for treatment is not obtained or other legal issues arise.

  3) Notify the Agency Medical Director.

j) The decision to continue or terminate a pregnancy is a medical determination that shall be made by the offender in consultation with her physician.

4 of 13

---

**20 ILLINOIS ADMINISTRATIVE CODE**    **CH. I, 415**
**SUBCHAPTER d**

  1) Offenders contemplating an abortion shall be provided with information and counseling concerning the nature of, the consequences of, and any risks associated with the procedure and available alternatives.

  2) Offenders shall be granted a furlough for the purpose of obtaining an abortion. Offenders shall be permitted to accept funds for an abortion from local community charities or other sources.

k) Offenders shall be offered testing and related counseling for HIV following transfer from reception and classification and prior to release, discharge, or parole.

l) A record of all medical and dental examinations, findings, and treatment shall be maintained.

(Source: Amended at 31 Ill. Reg. 9842 effective July 1, 2007)

**Section 415.40 Mental Health Services**

a) Persons committed to the Department shall have access to mental health services as determined by a mental health professional.

b) Community mental health services offered through the Department for juveniles released on parole or Mandatory Supervised Release shall be provided in accordance with 59 Ill. Adm. Code 132, Medicaid Community Mental Health Services. Such services shall be provided by entities that are Medicaid certified and periodically reviewed by the Department or by the Department of Human Services in accordance with 59 Ill. Adm. Code 132.

(Source: Amended at 29 Ill. Reg. 3883, effective March 1, 2005)

**Section 415.50 Mental Health Examinations and Treatment for Guilty but Mentally Ill**

a) Within 48 hours after admission to a reception and classification center, each offender adjudicated guilty but mentally ill shall be screened by a mental health professional.

b) An examination by a licensed or registered mental health professional shall be performed on an offender adjudicated guilty but mentally ill within four days after the offender's admission to a reception and classification center. The purpose of the examination is to determine the mental health status of the individual at the time of admission to the Department and to make any appropriate recommendations necessary for the care of such individuals. Offenders so examined:

5 of 13

3 of 3

# REQUEST FOR PAYMENT

### STATE OF ILLINOIS
### DEPARTMENT OF CORRECTIONS

Date: _____

Name (print): _____  I.D. No.: R55358  Housing Unit: _____

Please pay to: _____

Address: _____

City: _____ State: _____ Zip: _____

The sum of _____ dollars and _____ cents

and charge to my account, for HEALTH CARE SERVICES

_____

_____

☐ APPROVED

☐ NOT APPROVED  _____
                    Inmate Signature        ID No.

_____    _____
Assistant Warden/Superintendent/Designee        Witness

### REQUEST FOR PAYMENT OF POSTAGE

I hereby request and authorize payment of postage for the attached mail.

_____
            Inmate Signature

ID No. _____

### FOR TRUST FUND USE ONLY

Trust Fund Balance          $ _____

Less amount of payment      $ _____

Current balance after payment $ _____

Check No. _____ Date _____

                    Business Office

### REQUEST FOR PAYMENT OF POSTAGE

Postage requested
in the amount of _____ dollars _____ cents

☐ Postage Paid

DC 828 (08/91)

### FOR JUVENILE DIVISION USE ONLY

Received by: _____
                    (Staff)        Date

Received by: _____
                    (Youth)        Date

IL 428-0207

Exhibit "C"

See Reverse

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**Offender Outpatient Progress Notes**

_Pontiac_ **Center**

Offender Information:

Last Name: Boykin    First Name: Anthony    MI: ___    ID#: R55358

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 11/14/06 10:15 AM | RN NOTE O. To UC to review records. Requesting of records from Nevada. Instructed offender he needed to contact Institution from where he came from to obtain records. Understood. Beech | |
| 11/19/06 7:30 P | (UNT NOTE) Per Med Dr. put on ✓ collect co pay. No charting from Med Dr Matthews No to waive fee - for sick call. O- Offender sign P96 but kept to a of it. I need to turn P96 in for ✓. Note (cont) _Beachy LPN_ | |

Distribution: Offender's Medical Record    6 x 1.0"    1 of 5    Printed on Recycled Paper    DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

PONTIAC CORRECTIONAL    Center

Offender Information:

Boykin    Anthony    ID#: R55358
Last Name    First Name    MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 11-19-16 7PM | CMT NOTE (con) offender refused to give all of 9% to me | Cont'd TMP PD Chandler |
| | S- "Where do I sign. I've never deal in money voucher before. No I keep part of it for my spending | |
| | O- Refused to give all of 9% to this CMT | |
| | A- Refused to sign to give voucher | |
| | S- "You don't hear me or like you do hearing. I'm not one of your hoes you don't do anything for me & I don't have to do what you say." | |
| | A- He thinks I'm some one else (nurse) | |
| | C Chandler | |

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

PONTIAC CORRECTIONAL   Center

Offender Information:

_Boybin_

Last Name ___ First Name ___ MI ___ ID#: _R5535A_

| Date/Time | RN note Subjective, Objective, Assessment | Plans |
|---|---|---|
| 12/8/06 12N | O - P236 rec'd from Dr Mahone to place on s/c _____ J Ellinger | P - S/c to screen for hearing loss per Dr Mahone |
| | | |
| 12.9.06 | SICK CALL WEIGHT _192lb_ BP _132/84_ TPR _98.4 72.16_ MD NOTE ___ Voss | |
| 12.9.06 | Inmate states that his (R) ear hurting since 2005. Seen by MD - 2005. Scheduled to see ENT - was seen by MD | Auralgan ear drops 2 drp bid prn Needs ear flushing q 1x 1 dof |
| unable to see ear canal + inspect for lump any frad | hese Denies cough < cold. Denies allergies s/ax WM excoos (R) ear wax could not see Tm. No discharge. | So I don't think there to hearing loss |
| A | Cerumen Impacted | |
| | 3 of 5 | D Brown 12/08/06 2 pm |

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

PONTIAC CORRECTIONAL Center

Offender Information:

Last Name: _Boykin_   First Name: _Anthony_   MI: ___   ID#: _R55358_

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 12/15/06 — 1200P | SICK CALL<br>WEIGHT ____<br>BP ____<br>TPR _Cancel_<br>MD NOTE ____ | |
| | LPN Note | |
| | (O) I/M cancelled on S/C was seen already for this issue on 12/9/06. This was an order from Dr Mahone and D.O.N. Ellinger 12/8/06 | |
| | _cm7_ | |
| 12-17-06<br>1200 | RN NOTE<br>O: Ø pass sent, Ø NCH escort available @ this X. Will reschedule ear flush for U.C. Call line on 12-22-06.—<br>A: ear wax | P: Rescheduled for 12-22-06 / ear flush. |

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

PONTIAC CORRECTIONAL    Center

Offender Information:

Last Name: Bayler    First Name: Anthony    MI:    ID#: R55358

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 12-22-06 0920 | NP note | |
| | S: c/o L ear pain | P: Doxycycline 100 mg |
| | O: L TM cloudy poor light | ÷ po bid #20 |
| | reflex Throat injected | CTM ÷ po q̄ 6° prn #4 |
| | c̄ yellow PND. cervical ⊕ LAD | Tylenol 325 mg |
| | Lungs Clear Heart RRR ⊕ | ÷ po tid q̄ 6° prn #24 |
| | A: ① OM ; URI | (signature) |
| 12-22-06 | RN Note vr w | (signatures/dates) |
| 1430 | vr w | |
| 1-10-07 8³⁰ Am | Dental Note: | Vernetta S Wooldridge RN 1-10-07 8:30 Am |
| | S "routine dental eff" | P Motrin 600 mg |
| | O periodontally compromised | (Rx) (D+2) Tabs |
| | Lateral #10 | Pen VK 250mg ÷ QID X 21 Tabs |
| | A WMTS #10 extracted | signed Consent form |
| | | signed P-96 $5.00 co-pay |
| | | (signature) v Motrin #10 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY R. BOYKIN          )          No. 08-1060
            Plaintiff      )
    VS                     )          PLAINTIFFS INTERLOCUTORY
4/0 Davis, et.al.,         )          NOTICE OF APPEAL OF
            Defendants     )          PLAINTIFFS MOTION FOR TRO
                           )          AND MOTION FOR CLASS CERTI-
                           )          FICATION (MOTION for Appoint-
                           )          ment) of Counsel)

Plaintiff, Pro Se, respectfully submit the above entitled
document Pursuant to F.R.C.P. Plaintiff is not sure
which F.R.C.P designates this right to Appeal to the
7th Circuit for District Court Rulings of this Magnitude.
This Motion is further made and based on all Prior
Pleadings, Papers and documents on file herein

CERTIFICATE OF SERVICE

I certify under Penalty of Perjury I mailed a
true and correct copy of this document to
Pontiac Law Library to be E-filed this 23rd
day of April, 2008

Anthony R. Boykin