UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

E-FILED
Thursday, 03 July, 2008 03:54:08 PM
Clerk, U.S. District Court, ILCD

ANTHONY BOYKIN
    Plaintiff
vs
KAREN BEASLEY, et al.,
    Defendants

PLAINTIFF'S LIST OF DEFENDANTS AND CLAIMS PER ORDER OF 6/18/08
BOYKIN V. BEASLY 1:08-CV-1064

FILED
JUL - 2 2008
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Plaintiff, Pro Se submit the above entitled document per the court order. This motion is further made and based on all prior pleadings, papers and documents of and on file herein.

① On 11-13-06, I submitted a grievance #44387 which Warden Eddie Jones said was not an emergency. On 11-14-06 I submitted a kite to AWO U. Mathy. On 11-19-06 I submitted another grievance #044387 about an ear ache. Medical personnel were notified on 11-8-06, and 11-9-06. An unknown female on 11-8-06 and a male by the last name of Brown were given P-96's. On 11-18-06 Karen Beasly requested I sign a P-96 which I did which was predated and completed. I was not seen by any medical person until 12-04-06 and that was when I was called to sick call and examined and prescribed ear drops. There was a 30 day period of which I was made to suffer needlessly because Karen Beasly, Mr. Brown and the Jane Doe of 11-8-06 refused to schedule me for sick call in violation of Pontiac Correctional Center's procedure for inmates to recieve medical treatment. On notice of my complaints of pain were

Warden Eddie Jones, AWO U. Mathy, Medical staff Jane Doe, Medical staff Mr. Brown and Karen Beasley. These defendants violated my 14th Amendment Rights to due process as stated on page 4 of 15 of Illinois Administrative Code Ch. I § 415 on record before this court at subsection (9). Needless hours of suffering can constitute harm. My notifying the above named Wardens Jones and Mathy on notice via the grievances of 11-13-06 and 11-19-06 and letter of 11-14-06 puts them on notice. The process at the time relevant was for inmates to pay a $2.00 co-pay who "required non-emergency medical or dental at offices of facilities other than the department" Even though I signed three 9-96's I never saw an outside medical provider. As a matter of fact Medical Director Mahone treated Plaintiff as did the medical person on 12-9-06 in accordance with the established policy without charging me $2.00. So the failure to train failure to supervise falls on the Medical Director Mahone for the

actions of Jane Doe on 11-8-06, Mr. Brown on 11-9-06 and Mrs. Beasly on 11-18-06. Ultimately Director Walker is responsible for the operation of the IDOC. In addition Defendants Jane Doe, Mr. Brown, Wardens Jones and Mathy and Mrs. Mahone violated plaintiffs 8th Amendment to be free from cruel and unusual punishment for 30 days as the pain eventually began effecting my hearing which Mrs. Mahone recognized per medical note 12/8/06. The medical records show that Dr. Mahone, D. Brown or none of the other medical personnel were concerned about my pain and did not prescribe pain meds until 12/22/06. Also Plaintiff alleges that the cancelled sick call for 12/15/06 and 12/17/06 violated my 8th Amendment right as it showed deliberate indifference to my pain. Plaintiff alleges alleges that Defendant(s) Jones, Mathy, Brown, Mahone, Jane Doe were deliberately indifferent to his pain for 30 days and that these defendants also violated my 14th Amendment Rights to Due Process as did Director Walker. The supervisory officials, whoever they may be are guilty of failure to train and supervise. Plaintiff, for the record requests a ruling on and filing of Plaintiff's Motion for Default Judgement which this Court has not done. Also, Plaintiff is being denied legal materials, pen, paper, envelopes at Menard Correctional Center which is why this document is written on scratch paper. Bounds v. Smith 430 U.S. 817, 821 97 S.Ct. 1491 1977 addresses this issue. Also the defendants have not responded for this court order of 4/18/08 either for the record and appeal purposes. Nor has there been a case management scheduling order either. In closing, I would like the court to acknowledge my complaints herein and my request for the name of the states attorney for a confidential meeting via person to person or telephonically to seriously discuss settling this case and Boykin v. Davis 1:08 cv-1060) for the maximum money allowed without the state taking any money for living expenses which is $7,500 and the state pays court costs so as long as Plaintiff gets one other stipulation to be discussed should there be a meeting.

### CERTIFICATE OF SERVICE

I certify under penalty of perjury I mailed a true and correct copy of Plaintiffs list of defendants and claims per order of 6/18/08 was mailed to:

Court Clerk
Central District of Illinois
Peoria, IL. 61602

And I have no paper and envelope to mail a copy to State Attorney nor do I have the name of or address of defendants attorney.     D. Boykin 6/24/08