UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY R. BOYKIN,
     Plaintiff,

    vs.                            08-1064

KAREN BEASLEY, et.al.,
     Defendants.

## DISMISSAL ORDER

This cause is before the court for consideration of the defendants' motion to dismiss the complaint. [d/e 43, 45].

On March 11, 2008, the plaintiff, a state prisoner, filed his original complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. On November 17, 2008, a Scheduling Order was entered which ordered the plaintiff to immediately notify the court of any change in his address. The plaintiff was advised that failure to notify the court of an address change would "result in dismissal of this lawsuit with prejudice." November 17, 2008 Order, p. 2.

On November 21, 2008, the court granted the plaintiff's motion to amend his complaint and conducted a merit review of the amended complaint. The court found that the plaintiff had adequately alleged that:

    a) Medical Technician Karen Beasley, Associate Warden Mathy, Medical Director Sylvia Mahone, Warden Eddie Jones, Medical Employee Brown, Illinois Department of Corrections Director Roger Walker and Jane Doe violated the Eighth Amendment when they were deliberately indifferent to the plaintiff's serious medical condition and denied treatment for ear pain for one month; and,
    b) Medical Technician Karen Beasley, Associate Warden Mathy, Medical Director Sylvia Mahone, Warden Eddie Jones, Medical Employee Brown, Illinois Department of Corrections Director Roger Walker and Jane Doe violated the Eighth Amendment when they refused treatment for a serious medical condition after the plaintiff failed to sign a medical co-payment form. November 21, 2008 Case Management Order.

Three defendants then filed a motion for summary judgement claiming that the plaintiff had failed to specifically name them in his grievances, and therefore the defendants argue that he has failed to exhaust his administrative remedies as required. [d/e 36]. The court need not address this claim because the plaintiff has failed to inform the court of his current address.

On September 14, 2009, Defendants Beasley, Mathy, Walker and Brown filed a motion for an extension of time to complete discovery. [d/e 42]. The defendants stated that they had sent a deposition notice to the plaintiff at his last known address. The deposition was scheduled for September 10, 2009. The plaintiff had recently been released from incarceration and called defense counsel concerning the deposition. The plaintiff stated that he had moved to Las Vegas, Nevada and planned to ask the court for a 30 day extension of the discovery period. The plaintiff also agreed that he would be available for a deposition on October 9, 2009. [d/e 42]

The court notes that the plaintiff never filed a motion asking for an extension of the discovery period and never provided the court with a new address. All defendants have now filed motions to dismiss for want of prosecution. [d/e 43, 45] The defendants say after talking to the plaintiff, they rescheduled the deposition for October 9, 2009, and sent the notice of deposition to the same address the original notice was sent to. The plaintiff did not appear for this deposition, nor did he inform the defendants that he was not going to be able to attend. [d/e 45]

The court further notes that any mailings from the Clerk of the Court to the plaintiff since September of 2009 have been returned to the clerk. Four months have passed, and the plaintiff has made no effort to provide the court with any further information and he has failed to abide by the court order requiring him to provide his current address and phone number. The motions to dismiss are therefore granted. [d/e 43, 35]

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motions to dismiss the complaint are granted pursuant to Federal Rules of Civil Procedure 37(b) and 41(b). [d/e 43, 45] This case is dismissed in its entirety with prejudice. All other pending motions are denied as moot. [d/e 36, 40, 42]**

**2) Although the plaintiff's case has been dismissed and he has apparently been released from custody, he is still responsible for full payment of the $350 filing fee.**

Entered this 22nd day of January, 2010.


**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE